IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Devon Thomas, | ) |
|               Plaintiff, | ) C/A No. 3:17-2341-MBS |
| vs. | ) |
| Captain Mark Jones, West Columbia Police Dept.; Cpt. John W. King, West Columbia Police Dept.; Investigator Ashley Aldridge, West Columbia Police Dept.; Lexington County; Jason Chehoski, Public Defender; Asst. Solicitor Richard Mattew Edgerton, | ) **ORDER AND OPINION** |
|               Defendants. | ) |

At the time of the underlying complaint, Plaintiff Troy Devon Thomas was a pretrial detainee housed at the Lexington County Detention Center in Lexington, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed this action on August 30, 2017, alleging that Defendants violated his constitutional rights in various respects. See 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige G. Gossett for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. The Magistrate Judge issue a Report and Recommendation on October 5, 2017, in which she determined that (1) as to Defendants Mark Jones, John W. King, and Ashley Aldridge, Plaintiff's bare assertion that these law enforcement officers "lied on the search warrants and arrest warrants" fails to plausibly state a claim that he was arrested without probable cause; (2) Plaintiff fails to allege any facts concerning Defendant Lexington County; (3) as to Defendant Jason Chehoski, public

defenders do not act under the color of state law for purposes of § 1983 actions; and (4), as to Defendant Richard Mattew Edgerton, a solicitor is immune from suit under § 1983 for actions taken in furtherance of his duties as a prosecutor. The Magistrate Judge further noted that the court is precluded under Younger v. Harris, 401 U.S. 37, 46 (1971), from interfering in an ongoing state criminal proceeding. In addition, the Magistrate Judge noted that Plaintiff's claim for damage is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed with prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on October 15, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

Plaintiff attaches to his objections documents that he contends show "there is no possible way the search by Jones, King, and Aldridge was legal [because the] police report says they conduct the search at a time before the warrant was signed by a judge." ECF No. 11. The documents consist of a copy of an apparent time line of events occurring after Plaintiff's arrest, including an entry at 1:32 p.m. on November 15, 2016, that a search warrant was obtained of certain property, and a copy of a search warrant dated 1:50 p.m. Assuming for purposes of discussion that Plaintiff's copies show

a discrepancy in time that might call into question the execution of the search warrant, the court nevertheless is barred by Younger and Heck from reviewing Plaintiff's claims.

Plaintiff also states that Defendant Chehoski "had full knowledge of these things." ECF No. 11. As the Magistrate Judge properly noted, Defendant Chehoski is not a state actor amenable to suit under § 1983. Plaintiff's objections are without merit.

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 5, 2018